315 P.2d 878

Alfred P. BOYER and Stella O. Boyer, his wife, Appellants,

v.

Richard R. MEALINS and Mynetta A. Mealins, his wife, Appellees.

No. 6291.

Supreme Court of Arizona.
Sept. 30, 1957.

I. B. Tomlinson, Bisbee, for appellants.

John M. Williams, Douglas, for appellees.

STRUCKMEYER, Justice.

Sometime prior to April of 1954, the parties to this appeal entered into a sales agreement by which the Mealins sold and the Boyers purchased certain real property in Douglas, Arizona. On the 26th day of April, 1954 there occurred a fire which partially destroyed a building situated on the property. Subsequently, a dispute arose as to the parties' rights to the proceeds of the fire insurance and the Mealins brought an action, being cause No. 16011, in which the Boyers were joined as party defendants, seeking a declaratory judgment construing the contract of insurance and the sales agreement. A judgment was entered therein on January 21st, 1955 and subsequently amended on the 6th day of April of the same year. Both the original judgment and the amended judgment were similar in the following provisions:

"It is Ordered, Adjudged, and Decreed:

"1. That the defendants, Alfred P. Boyer and Stella O. Boyer, his wife, breached the agreement for sale of restaurant and had abandoned the agreement and premises prior to April 26, 1954, the date of the fire, and had no interest therein.

"2. That any and all insurance money payable by reason of the fire loss is payable to the plaintiffs, Richard R. Mealins and Mynetta A. Mealins, his wife.

"3. That the defendants, Alfred P. Boyer and Stella O. Boyer, his wife, are not entitled to any insurance money payable by reason of the fire loss."

No appeal was taken in this cause No. 16011.

The case out of which this appeal arises, being cause No. 16424, was filed on May 19, 1955 against the insurance company, alleging the foregoing facts, and further, that the insurance company refused payment of the loss to the Mealins in accordance with the determination in cause No. 16011. The company answered, asserting that payment was not made for the reason that the Boyers still claimed an interest in the proceeds of insurance, and it applied for and obtained an order interpleading the Boyers as parties in the action. The Boyers answered and counterclaimed against the Mealins, setting up their alleged interest in the property. The Mealins replied to the counterclaim of the Boyers, asserting that the matters raised by the Boyers' counterclaim were res judicata by reason of the determination in cause No. 16011, and moved for summary judgment on the ground that by reason of the prior adjudication there was no genuine issue as to any material fact. The motion for summary judgment was granted and this appeal followed.

■ Appellants urge that there is no valid judgment in cause No. 16011 for the reason that the motion to amend the judgment was made more than ten days after its entry, contrary to the specific direction of section 21–1029, A.C.A.1939, now Rule 52 (b) Rules of Civil Procedure, 16 A.R.S. Seemingly, it is appellants' point that if there is no valid judgment in cause No. 16011, then there is no prior adjudication which is res judicata against them and accordingly there are genuine issues of material facts to be determined in cause No. 16424. With this we cannot agree. If we assume that the court was without jurisdiction to amend the judgment and that consequently the amended judgment is a nullity, then the judgment as originally entered on the 21st day of January, 1955 is a valid, existing judgment and governs the rights of the parties.

■ Since both judgments, although different in other respects, determine that the Boyers breached the agreement of sale and abandoned the premises prior to the date of the fire, and since both judgments determine that the Boyers have no interest in the proceeds of insurance, it is of no consequence to the ultimate decision which judgment the trial court relied upon. The matters and things now raised in the Boyers' counterclaim were determined in cause No. 16011 and are now res judicata. Every point decided and every point which could have been decided is res judicata. Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229. The doctrine precludes the Boyers from counterclaiming in this action on the matters determined in the former suit. Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 217 P.2d 923.

■ Appellants further raise the technical point that the trial court improperly joined them as additional party defendants in cause No. 16424. They point out that originally the draft for the fire loss as drawn by the agent of the insurance company was made payable to them and the Mealins jointly, and that the draft was delivered to the Mealins. It is urged that a bill of interpleading may not be filed after the funds have been paid over to one of the claimants. However, the draft was seemingly never honored by payment. The position of the insurance company is made clear in its petition for interpleading. There it is averred that both the Mealins and the Boyers are named beneficiaries under the policy, and that the Boyers, even after the determination in cause No. 16011, made formal demands on the insurance company for payment of part of the proceeds. The insurance company asked permission of the Court to deposit the proceeds with the Clerk of the Court in accordance with Rule 67(a), Rules of Civil Procedure, providing that where the relief sought is a judgment for a sum of money, a party "by leave of the court, may deposit with the court all or any part of such sum or thing."

By Rule 22(a), Rules of Civil Procedure, a third person having a claim against a defendant may be joined as a defendant and be required to interplead when the claims are such that the original defendant may be exposed to double or multiple liability. We think that the insurance company, having admitted liability on the contract of insurance, is clearly within the purview of Rule 22(a) and that the lower court properly required the Boyers to be joined in the action to interplead their claim.

For the foregoing reason, the judgment of the lower court is affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.