475 P.2d 957

Ramon MAZON and Mrs. Ramon Mazon, husband and wife, Appellants,

v.

FARMERS INSURANCE EXCHANGE, a corporation, John Doe, Richard Roe, and the X Y Z Corporation, Appellees.

No. 2 CA–CIV 699.

Court of Appeals of Arizona, Division 2.

Nov. 2, 1970.

Rehearing Denied Nov. 30, 1970.

Review Granted Jan. 19, 1971.

Estes, Browning, Maud & Zlaket, by Donald Estes, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellees.

KRUCKER, Judge.

Plaintiff, Ramon Mazon, sued defendant, Farmers Insurance Company, for coverage of an injury sustained by him. The court entered judgment for defendant. Plaintiff appeals.

The following facts were stipulated to by both parties. Plaintiff was struck in the eye by a rock thrown by an operator or occupant in another vehicle while he was driving his vehicle. Neither the assailant nor the car in which he was riding was identified. The police and defendant were both informed. At that time plaintiff was covered by an automobile liability policy issued by defendant, including an uninsured motorist provision.

Plaintiff raises two issues on appeal:

(1) Does the uninsured motorist coverage apply here, under the "hit and run" provision?

(2) Did the injury arise out of the ownership, maintenance, or use of an uninsured motor vehicle?

We take these issues together.

A.R.S. § 20–259.01 provides that all Arizona drivers with automobile liability insurance be offered uninsured motorist coverage. The statute reads:

"\* \* \* no automobile liability \* \* policy insuring against loss resulting from liability imposed by law for bodily injury \* \* \* arising out of the ownership, maintenance or use of a motor vehicle \* \* \* shall be delivered \* \* unless coverage is provided \* \* \* for the protection of persons insured thereunder who are legally entitled to recover damages from \* \* \* uninsured motor vehicles \* \* \*."

The insurance policy herein contains a similar general statement of uninsured motorist coverage as follows:

"To pay *all sums which the insured or his legal representative shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle *because of bodily injury sustained by the insured, caused by accident and*

*arising out* of the ownership, maintenance *or use of such uninsured motor vehicle.* \* \* \* " (Emphasis added)

However, it also contains in its definition section thereunder a definition of uninsured motor vehicles which reads as follows:

\* \* \* \* \* \*

(3) Uninsured Motor Vehicle means a land motor vehicle \* \* \* or a hit-and-run vehicle.

(4) Hit-and-Run Motor Vehicle means a motor vehicle which causes bodily injury to an insured arising out of physical contact of such motor vehicle with the insured or with an automobile which the insured is occupying at the time of the accident. \* \* \* "

Plaintiff seeks to obtain coverage here by looking to the broader general coverage, contending the definitions limit coverage in a manner prohibited by A.R.S. § 20–259.01.

Division One of this court, in a recent case, was confronted with the question of whether there was coverage under the *policy* conditions.[1] Lawrence v. Beneficial Fire & Casualty Insurance Company, 8 Ariz.App. 155, 444 P.2d 446 (1968) (Review denied, November 12, 1968). There, plaintiff was run off the road by an unknown motorist, as attested to by eyewitnesses. Plaintiff in that case had coverage almost identical in wording to that here. There was a general coverage statement, "injury and damages arising out of the ownership, maintenance or use of the [covered] automobile", and a "hit and run" clause requiring physical contact. Plaintiff argued the two provisions created an ambiguity and thus the general language should apply.

The court wholly disagreed with plaintiff, holding that the general statement was merely the general summary statement, subsequently limited. They went on to further say that the requirement of physical contact between motor vehicles was precise and need not be expanded to precisely exclude

"miss and run" automobiles. Therefore, they held no coverage for plaintiff.

In the instant case, plaintiff has challenged the "physical contact" requirement as it was enumerated in *Lawrence*, supra, as being violative of the statutory provision which makes no mention of "physical contact."

The "physical contact" requirement found in policies today is primarily designed to prevent fraudulent claims. In that regard, it is similar to tort rules on damages for mental anguish which require, in addition, some physical injury. In both cases, the physical contact goes to assuring the reliability of the claim. *See*, Annot., 25 A.L.R.3d 1299.

However, the difficulty with using a secondary standard as a means to screen out unreliable claims is that the second test can become a requirement by itself without regard to its original intent. Thus, as in the instant area, in cases even where there was clear evidence of hit and run injuries, insurance companies persuaded some courts to require an actual physical contact also. In some cases this has developed into a rigid rule, unjustifiable in terms of its original intent. A. Widiss, A Guide to Uninsured Motorist Coverage (1969). In reaction to these cases, a California court has adopted a less strict interpretation of the policy requirement, looking to see if the actual proximate cause of the injury is a hit and run vehicle. Inter-Insurance Exchange of Automobile Club of Southern California v. Lopez, 238 Cal.App.2d 441, 47 Cal.Rptr. 834 (1965). Several other jurisdictions have followed. Motor Vehicle Accident Indemnification Corporation v. Eisenberg, 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524 (1966); Johnson v. State Farm Mutual Automobile Insurance Company, 70 Wash.2d 587, 424 P.2d 648 (1967).

█ We believe that this broader reading of the policy language fits best within the coverage sought under the Arizona statute. However, that is not to detract

---

1. *Lawrence* was decided prior to the enactment of A.R.S. § 20–259.01.

from the plaintiff's being obligated to prove that a valid injury arose due to the operation of a "hit and run" vehicle. The company has an opportunity to show fraud.

We therefore proceed to a determination of the question at hand. Did the injury here arise from operation of a "hit and run" vehicle?

In a recent Arizona Supreme Court decision, Morari v. Atlantic Mutual Fire Insurance Company, 105 Ariz. 537, 468 P.2d 564 (1970), the Court analyzed the same general requirement as here—that an accident must arise out of the operation or use of the motor vehicle. Other limiting clauses were involved in that case, but as to the general language, the Court said:

"Second, while it is often said that there must be a causal relationship between the accident and the motor vehicle, see 160 A.L.R. 1259, 1272, the word 'causal' is not to be confused with proximate causation. Inanimate objects do not cause accidents except possibly in a very loose sense, such as, for example, the unforeseeable failure of machinery. It is the act of the person in control of the object proximately causing the accident which constitutes negligence. * * *" 105 Ariz. at 538–539, 468 P.2d at 565.

They held that there was a causal connection when an insured's hunting companion was shot in the leg when the insured reached in to get his rifle from behind the seat of the pickup. The Court found the pickup was used for hunting and transportation of hunters and the rifle had been part of the cargo.

At the same time, the Court distinguished its case from that in Brenner v. Aetna Insurance Company, 8 Ariz.App. 272, 445 P. 2d 474 (1968). There a car passenger was shot by another passenger, both of whom were riding in a car owned by the insured. The Court, in Morari, supra, said the Brenner case was correct in finding no

causal connection because there the passengers were "toying" with the pistol when it discharged. The injury therefore could have occurred just as easily in the woods.

■ In the instant case, the stipulations of fact are silent as to whether or not the act in question was intentional, negligent, or accidental, or whether it was occasioned by the owner or operator as the policy requires. We believe it is well established that we must presume the incident was not intentional. We likewise believe we must presume that in absence of any evidence to the contrary, the owner or operator was responsible for the operation of the car because he has power to control it. Cf., Blount v. Sutton, 114 Ga.App. 767, 152 S.E.2d 777 (1966); 8 Am.Jur.2d Automobiles and Highway Traffic § 572.

We have found no Arizona court holding on the facts of the instant case. However, in Brenner, supra, approved by the Supreme Court in Morari, supra, there is dicta as follows:

"* * * we can see how the district judge might possibly look upon the throwing of a lighted explosive from a moving car into the vicinity of others as an act in some way connected with the use of the car. Wheels provide false courage for the doing of many juvenile acts." 8 Ariz.App. at 277, 445 P.2d at 479.

■ We believe the logic of these words is compelling here. We believe that the throwing of a rock from a moving vehicle and its striking another vehicle is causally connected to the vehicle's movement and momentum. We therefore believe the accident here was causally related to the hit and run vehicle and was thus covered by the policy.

Judgment reversed.

HATHAWAY and CAMERON, JJ., concur.