491 P.2d 455

**Ramon MAZON et ux., Appellants,**

**v.**

**FARMERS INSURANCE EXCHANGE,**
a corporation, Appellee.

**No. 10295–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 8, 1971.

Rehearing Denied Jan. 4, 1972.

Estes, Browning & Zlaket, by Donald Estes, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

LOCKWOOD, Justice:

The plaintiff, appellant here, Ramon Mazon, was injured while driving his automobile when a stone, thrown from an unidentified car, struck him in the eye, causing loss of sight. The car from which the stone was thrown sped away from the scene and neither the identity of the driver or the owner of the car, was ever learned, nor did plaintiff know by whom the stone was thrown. Proper notices of the occurrence were given to the police, and to appellant's insurance company, Farmers Insurance Exchange, appellee.

Mazon sought recovery for his injury under the uninsured motorist coverage offered by Farmers. Farmers denied the claim and Mazon brought suit for a declaratory judgment, to determine his coverage under the policy. The lower court denied recovery under the policy and the Court of Appeals reversed. We granted review. Decision of the Court of Appeals, 13 Ariz. App. 298, 475 P.2d 957 (1970), vacated.

Appellant Mazon presents two questions as basic to his position. They are:

"1. Are appellants entitled to uninsured motorist coverage from the appellee in the absence of physical contact between appellants' vehicle and an uninsured (unknown hit and run) vehicle?

"2. Did the injury to the appellant, Ramon Mazon, arise out of the ownership, maintenance or use of the uninsured motor vehicle?"

Pursuant to statutory obligation [1] Farmers issued to appellant an automobile liability insurance policy, the pertinent portion of which provides under "Coverage C" that Farmers will:

"* * * pay all sums which the insured or his legal representative shall be legally entitled to recover as damages, from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident, and arising out of the *ownership, maintenance or use of such uninsured motor vehicle* * * *." (Emphasis supplied.)

The insurance policy further includes "a hit-and-run motor vehicle" as an uninsured motor vehicle.[2]

Since we are of the opinion that the case may be disposed of by the answer to appellant's second question, we need not discuss whether physical contact by an uninsured motorist's vehicle is or is not required, nor

[1]. A.R.S. § 20–259.01: "On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the *ownership, maintenance or use of a motor vehicle*, shall be delivered or issued for delivery in this state, * * * unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. * * *" (Emphasis added.)

[2]. Hit-and-run motor vehicle in the policy is described as: "* * * a motor vehicle which causes bodily injury to an insured *arising out of physical contact of such motor vehicle with the insured or with an automobile which the insured is occupying at the time of the accident*, provided (a) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run motor vehicle"; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the Company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity are unascertainable, and setting forth the facts in support thereof; and (c) at the Company's request, the insured or his legal representative makes available for inspection the automobile which he was occupying at the time of the accident." (Emphasis added.)

do we feel it necessary to determine whether a "hit-and-run" vehicle is within the purview of § 20–259.01.

The parties stipulated in the trial court as to certain facts. We quote:

"2. That Ramon Mazon was injured when hit in the eye by a rock thrown by an occupant or driver of an unknown vehicle * * *."

The trial court held that the policy did not afford coverage to the appellant as claimed, and in a memorandum of law denying appellant's motion for judgment N. O.V., we think properly stated:

"The crucial question seems to be whether or not the injuries sustained here were the result of the use, maintenance, or ownership of the automobile in question * * *."

The court further cited Brenner v. Aetna Insurance Company, 8 Ariz.App. 272, 445 P.2d 474 (1968), in asserting that there must be a causal relationship or connection existing between an accident or injury and "the ownership, maintenance, or use" of a vehicle in order to bring the accident or injury within the meaning of that clause, and that where such causal connection or relationship is absent, coverage is denied. Speziale v. Kohnke, 194 So.2d 485 (La. App.1967).

We are in agreement with the trial court's conclusion. Under the stipulated facts, we can find no causal relationship between an injury resulting from a stone thrown by an unknown person from an unidentifiable vehicle, and the ownership, maintenance or use of that vehicle. Therefore under the facts presented, appellant is not covered under Coverage C of the insurance contract.

In the lower court the plaintiff prayed for relief under the medical payments clause of his insurance policy. The trial court ordered that the plaintiff was not entitled to any recovery under the policy. As the medical payments coverage was not argued on appeal, we will treat it as abandoned.

Opinion of the Court of Appeals, 13 Ariz.App. 298, 475 P.2d 957 (1970) vacated and judgment of the trial court affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and JACOBSON and CASE, Judges, Court of Appeals, concur.

Note: Justice JESSE A. UDALL and Justice JAMES DUKE CAMERON having disqualified themselves, Judge EINO M. JACOBSON and Judge WILLIBY E. CASE, Jr., were called in to sit in their stead and participate in the determination of this matter.