526 P.2d 779

**Nicholas BALESTRIERI, Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY INSURANCE CO., Appellee.**

**No. 1 CA–CIV 2233.**

Court of Appeals of Arizona,
Division 1.

Sept. 26, 1974.

Rehearing Denied Nov. 1, 1974.

Review Granted Dec. 17, 1974.

Gorey & Ely by Joseph M. Bettini, Phoenix, for appellant.

Snell & Wilmer by Bruce Norton, Phoenix, for appellee.

## OPINION

HATHAWAY, Chief Judge.

The question before us is whether an insurance company can contractually restrict its uninsured motorist coverage to situations in which there is physical contact between the insured and a "hit-and-run" vehicle without violating the legislative policy of A.R.S. § 20–259.01 requiring automobile liability insurers to provide uninsured motorist coverage.

The trial court made the following findings of fact to which neither party objects:

"On January 20, 1971, Nicholas Balestrieri was traveling in a northerly direction in the center lane on Interstate Highway I–70. An unidentified vehicle changed lanes directly in front of Mr. Balestrieri's vehicle. Mr. Balestrieri swung to the right to avoid vehicle #1 and struck a street light pole. There was no contact of any kind or nature between the Balestrieri vehicle and the unidentified vehicle. The unidentified vehicle did not stop and has not subsequently been identified, nor has the driver.

At the time of the accident, a contract of insurance existed between Mr. Balestrieri and Hartford Accident & Indemni-

ty Company [which provided for uninsured motorist coverage]."

The policy which was admitted into evidence includes a "hit-and-run" automobile in its definition of an uninsured automobile. It defines hit-and-run automobile in part as "an automobile which causes bodily injury to an insured *arising out of physical contact* of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident. . . ."[1]

The trial court ruled that plaintiff's claim was not covered by the uninsured motorist portion of the policy because there was no physical contact between the two vehicles and that the hit-and-run provisions in the policy were valid under A.R.S. § 20-259.01. Judgment was entered for the insurer and plaintiff appeals.

Defendant-insurer cites Lawrence v. Beneficial Fire & Casualty Ins. Co., 8 Ariz.App. 155, 444 P.2d 446 (1968), decided by Division One of this court, in support of its position that a non-physical contact provision is a valid exclusion from uninsured motorist coverage in this jurisdiction. However, *Lawrence* was decided before the enactment of A.R.S. § 20-259.01 and involved only the question of whether the non-physical contact provision was in conflict with the general uninsured motorist liability language contained elsewhere in the policy. The court held that the exclusion did not conflict with the coverage language, but merely clarified it.

Plaintiff does not argue that the policy is ambiguous or misleading as the insured argued in *Lawrence*. His position is that the language excluding coverage for non-physical contact accidents violates A.R.S. § 20-259.01 which requires that all automobile liability insurance policies provide uninsured motorist coverage. We therefore do not deem the *Lawrence* decision to be authoritative to the disposition of this appeal.

Plaintiff relies heavily upon our decision in Mazon v. Farmers Insurance Exchange, 13 Ariz.App. 298, 475 P.2d 957 (1970), in which we held that uninsured motorist coverage which required physical contact with the uninsured automobile violated A.R.S. § 20-259.01. However, on review, our Supreme Court found error in a different area of our decision and vacated the entire case in Mazon v. Farmers Insurance Exchange, 107 Ariz. 601, 491 P.2d 455 (1971). The court expressly refused to decide the issue before us today stating:

> "Since we are of the opinion that the case may be disposed of by the answer to appellant's second question, we need not discuss whether physical contact by an uninsured motorist's vehicle is or is not required, nor do we feel it necessary to determine whether a 'hit-and-run' vehicle is within the purview of § 20-259.-01." 107 Ariz. at 602-603, 491 P.2d at 456-457.

We therefore approach the issue of whether an insurance company can limit its hit-and-run coverage to physical contact situations as one of first impression in this jurisdiction. A.R.S. § 20-259.01(A) reads in pertinent part:

> "A. On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28-1142 [Safety Responsibility Act], un-

---

1. This clause requiring physical contact is uniformly included in uninsured motorist endorsements throughout the United States. It is included in The Standard Uninsured Motorist Endorsements adopted in 1966 by a committee comprised of representatives from two large associations of insurance companies. This standard form can be found in Widiss, A Guide to Uninsured Motorist Coverage, Appendix A, p. 294 (1969).

der provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

Our first consideration is whether an insurance company is required under § 20–259.01(A) to insure against personal injury or death caused by the owners or operators of hit-and-run automobiles. In other words, is a hit-and-run automobile an "uninsured motor vehicle" within the scope of the statute? If not, it is clear that the insurer and insured would be completely free to define or limit hit-and-run coverage since it would neither be prohibited nor required by the statute.

Courts in at least three jurisdictions, with statutes similar to § 20–259.01 providing for mandatory uninsured motorist coverage, have reasoned that hit-and-run coverage is not required under the statute and that a physical contact limitation upon the hit-and-run coverage is therefore permissible. See Olympia Roofing Company v. City of New Orleans, 234 So.2d 273 (La.App.1970); Buckeye Union Ins. Co. v. Cooperman, 33 Ohio App.2d 152, 293 N.E.2d 293 (1972); Amidzich v. Charter Oak Fire Insurance Co., 44 Wis.2d 45, 170 N.W.2d 813 (1969). In each of these decisions the courts looked upon the hit-and-run provisions of the policies (identical to that in the subject policy) as a gratuitous benefit to the insured since they operated to relieve the insured of the burden of proving that the hit-and-run vehicle was uninsured in cases where there was physical contact. The courts reasoned that the insurers were not obligated to extend their coverage even further beyond that required by statute by relieving the insured of his burden of proving non-insurance in cases where there was no physical contact.

We see no material difference between an unknown hit-and-run driver and a driver who is known but has no insurance. In either instance, the insured under an uninsured motorist endorsement is in the same position. He has suffered physical injuries but has no recourse against the person who negligently caused them.

The obvious purpose behind § 20–259.01 was to close the gap inherent in this jurisdiction's Safety Responsibility Act (A.R.S. § 28–1101 et seq.) which do not protect those injured by financially irresponsible motorists. Kraft v. Allstate Insurance Company, 6 Ariz.App. 276, 431 P.2d 917 (1967). This gap was so large in most states that by 1968 forty-six states, including Arizona, had enacted statutes providing that uninsured motorist endorsements must be included in standard automobile liability policies. Our courts have uniformly held that § 20–259.01 is to be liberally construed to effectuate this remedial purpose. Allstate Insurance Company v. Pesqueria, 19 Ariz.App. 528, 508 P.2d 1172 (1973); Geyer v. Reserve Insurance Company, 8 Ariz.App. 464, 447 P.2d 556 (1968).

In Porter v. Empire Fire and Marine Insurance Company, 106 Ariz. 274, 475 P.2d 258 (1970), our Supreme Court held that an insured was entitled under § 20–259.01 to recover $7,500 under his uninsured vehicle endorsement despite the fact that the negligent driver had $10,000 in liability insurance [the minimum amount under § 28–1142 of the Safety Responsibility Act] when the $10,000 was required to be split among four injured plaintiffs leaving Porter with only $2,500 from the negligent driver's liability insurance. Although the negligent driver was literally "insured", the court held that for purposes of § 20–259.01 he was "uninsured" to the extent that the minimum amount under the Safety Responsibility Act, $10,000, was *unavailable* to the plaintiff. It is apparent that courts of this jurisdiction are unwilling to defeat the remedial purposes of the uninsured motor vehicle statute, § 20–259.01, by a strict construction of the words "uninsured motor vehicles."

To hold that hit-and-run automobiles are not uninsured automobiles would leave open a huge loophole which our legislature obviously intended to fill by enacting § 20–259.01. It would leave insurance companies free to exclude all hit-and-run coverage from uninsured motor vehicle endorsements. Victims of hit-and-run accidents could be left ·entirely unprotected, even in cases of physical contact, if insurance companies decided to eliminate hit-and-run coverage from their policies. We do not think that the legislature intended this result.

We believe that a liberal construction of § 20–259.01 demands that the words "uninsured motor vehicles" be defined to include hit-and-run motor vehicles. In so holding, we categorically reject the reasoning of the Louisiana, Ohio and Wisconsin courts in the cases cited above.

Our decision is supported by the case of State Farm Fire and Casualty Company v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973). The Alabama Uninsured Motorist Statute (Title 36, § 74 (62a) Code of Alabama 1940), which was before the court in that case, is identical to § 20–259.01. The Alabama Supreme Court held, as we do, that the words "uninsured motor vehicles" necessarily encompass hit-and-run automobiles. See also Brown v. Progressive Mutual Insurance Company, 249 So.2d 429 (Fla.1971).

■ Having decided that § 20–259.01 requires an insurance company to include hit-and-run coverage in uninsured motorist endorsements, the question becomes whether the company can, consistent with the statute, limit hit-and-run coverage to accidents in which there is physical contact between the insured's automobile and the hit-and-run automobile.

The physical contact requirement, as noted above, has been uniformly imposed by the insurance industry as a limitation upon its uninsured motorist coverage. See n. 1, supra. It has been justified as a measure to prevent fraudulent uninsured motorist claims. See Widiss, A Guide to Uninsured

Motorist Coverage, supra, § 2.41. The rationale is that a claimant might often assert that he has been driven off the highway by another vehicle when in fact he lost control of his vehicle solely through his own negligence.

We have found cases from three jurisdictions holding that even though their respective uninsured motorist statutes require hit-and-run coverage, the non-physical contact exclusion was reasonable and not in derogation of the statute. Prosk v. Allstate Ins. Co., 82 Ill.App.2d 457, 226 N.E.2d 498, 25 A.L.R.3d 1294 (1967); Ely v. State Farm Mutual Automobile Insurance Co., 148 Ind.App. 586, 268 N.E.2d 316 (1971); Hendricks v. United States Fidelity & Guaranty Company, 5 N.C.App. 181, 167 S.E.2d 876 (1969). These decisions seem to be based both upon the aforementioned argument that the physical contact requirement is a valid anti-fraud provision which is consistent with the statute involved and upon the highly-technical argument that an automobile which does not come into contact with the insured's automobile is not a *"hit"*-and-run motor vehicle. See Lawrence v. Beneficial Fire & Casualty Ins. Co., supra.

We cannot agree that the physical contact provision is so essential to prevent fraud that it justifies carving out an exception to the mandatory uninsured motorist coverage provided for by § 20–259.01. In Brown v. Progressive Mutual Insurance Company, supra, the Supreme Court of Florida held that the physical contact requirement unduly restricted the application of Florida's uninsured motorist statute and declared it invalid. The court reasoned as follows with regard to the clause as an anti-fraud device:

"The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If

the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless, as it would be under the decision here for review." 249 So.2d at 430.

This language was also quoted in State Farm Fire and Casualty Company v. Lambert, supra, wherein the Supreme Court of Alabama held that a non-physical contact exclusion was inconsistent with its uninsured motorist statute. The Supreme Court of Washington has also recently held that the provision in question unduly restricted its uninsured motorist statute. Hartford Accident and Indemnity Co. v. Novak, 83 Wash.2d 576, 520 P.2d 1368 (1974). In Widiss, supra, § 2.41, p. 86, the author expresses the following criticism of the physical contact requirement as an anti-fraud measure:

"It seems unreasonable to establish a rule under which recovery is possible if there is a minute scratch on the insured's car, but no impartial witnesses—and to deny all rights where there was no contact, even though there are many witnesses and there is no reason to suspect collusion or fraud. Some standard assuring adequate evidence in support of a claim that the injuries (for which indemnification is sought) are the result of an evasive action executed to avoid a collision with an unidentified negligent driver is certainly warranted. It is suggested that the claimant should bear the burden of persuasion, leaving to the judge, jury or arbitrator the determination of whether the claimant has sustained the requisite burden of proof, and providing an opportunity for the insurance company to raise fraud or collusion as a defense to such a claim."

The policy provision in question, by denying coverage to an injured insured simply because the irresponsible motorist did not make contact with the insured's auto-

mobile, clearly dilutes the broad and remedial purpose of § 20–259.01, i. e., to provide protection to persons injured by others who are unable or unavailable to respond in damages. We do not agree that this dilution of the statute by insurance companies is justified upon the ground that it prevents fraudulent claims. Although it would eliminate false claims, it would also eliminate many claims which are clearly genuine and which we believe were intended to be covered by § 20–259.01.

The argument that a non-physical contact accident cannot involve a *"hit"*-and-run vehicle, is ably answered by the Supreme Court of Washington in Hartford Accident and Indemnity Co. v. Novak, supra (520 P.2d at 1373–1374):

"The plaintiff further argues that the literal meaning of the term 'hit-and-run' in RCW 48.22.030 requires a hitting or physical contact of some sort in order for uninsured motorist protection to be afforded an insured, and cites cases to support this contention. Ely v. State Farm Mut. Auto. Ins. Co., 148 Ind.App. 586, 268 N.E.2d 316 (1971), and Prosk v. Allstate Ins. Co., 82 Ill.App.2d 457, 226 N.E.2d 498 (1967). We disagree with this contention and the reasoning of those cases. The phrase 'hit-and-run' cannot be considered in isolation; it must be considered in context with the totality and purpose of the enactment. To give the term 'hit-and-run vehicle' its literal meaning as suggested by the plaintiff would be inconsistent with the broad public policy grounds and purpose set forth in Touchette [Touchette v. Northwestern Mut. Ins. Co., 80 Wash.2d 327, 494 P.2d 479 (1972)], of affording protection to the public from the inability to recover compensation for injuries and damages caused by the users of the highway. Injuries sustained as a result of the actions of an unidentified driver who flees from the scene of an accident without a scratch are just as real and severe as those caused by an unidentified driver of a car who runs from the acci-

dent where physical contact is involved. Moreover, the use of the term 'hit-and-run' in this state, as well as in most other jurisdictions, is synonymous with a car involved in an accident causing damages where the driver flees from the scene. The requirement of physical contact is not to provide meaning to the term 'hit-and-run,' but rather is for the purpose of preventing the possible filing of fraudulent claims, as heretofore discussed in this opinion. If the literal meaning is given to the term 'hit-and-run,' then the requirement for physical contact provisions would be superfluous.

We hold that the clause requiring physical contact between the hit-and-run vehicle and the insured's vehicle is in derogation of A.R.S. § 20-259.01 and is therefore invalid.

Reversed.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120(E).