984 P.2d 10

**ALLSTATE INSURANCE COMPANY,
a foreign corporation, Plaintiff–
Appellee.**

v.

**Mary M. JOHNSTON, Defendant–
Appellant.**

No. CV–98–0424–PR.

Supreme Court of Arizona,
En Banc.

June 18, 1999.

Steptoe & Johnson, L.L.P. by Bennett Evan Cooper, Floyd P. Bienstock, Ridenour, Swenson, Cleere & Evans, P.C. by Robert R. Beltz, Phoenix, Attorneys for Allstate Insurance Company.

Dasse & Vakula, P.C. by Nicholas E. Vakula, Phoenix, Attorneys for Mary M. Johnston.

## OPINION

MARTONE, Justice.

¶1 Automobile policies cover losses arising out of the use or occupancy of motor vehicles. Conversely, homeowners policies exclude coverage for injuries arising out of the use or occupancy of motor vehicles. This case is a coverage case, not a tort case. We must decide whether the injuries sustained by a passenger arose out of the use or occupancy of a vehicle within the meaning of the automobile exclusion of a homeowners policy. We hold that the injuries do arise out of the use or occupancy of a vehicle and therefore coverage is excluded.

### I.

¶2 There were three vehicles involved here. Mary Johnston was a passenger in a Jeep driven by David Ferrara. Brian Ford was the driver of a truck in which Richard DeLind was his passenger. Thomas Pecanic drove his own truck. The three vehicles were stopped at an intersection. Another passenger in the Jeep exchanged words with DeLind and Ford. DeLind and Ford got out of their truck and one of them said "go get

the gun." When the light turned green, the Jeep took off with the two trucks in hot pursuit. They reached speeds of eighty-five miles per hour. Ford pulled along side the Jeep and swerved toward it. At the same time, Ferrara saw DeLind gesture in some way and believed he had pointed a gun at him. Ferrara swerved to get away from the truck, lost control, and struck a pole. Johnston was ejected and injured.

¶ 3  Among the actions Johnston brought was one against DeLind, Ford's passenger. DeLind tendered the defense to Allstate under his parents' homeowners policy. Allstate filed this declaratory judgment action against Johnston, arguing that the policy did not cover Johnston's injuries because they arose out of the use or occupancy of a vehicle and thus fit within the automobile exclusion. That exclusion, in relevant part, stated, "We do not cover bodily injury ... arising out of the ownership, maintenance, use, [or] occupancy ... of any motor vehicle...." Believing that the exclusion applied, the trial court granted Allstate's motion for summary judgment.

¶ 4  Relying upon this court's opinion in *Ruiz v. Farmers Insurance Company,* 177 Ariz. 101, 865 P.2d 762 (1993), the court of appeals reversed and held that Johnston's injuries did not arise out of the use or occupancy of a motor vehicle. Believing that the court of appeals read more into *Ruiz* than was warranted, we granted review. Rule 23(c)(3), Ariz. R. Civ.App. P.

## II.

¶ 5  Allstate argues that Johnston's injuries fit within the exclusion because they were the result of an automobile accident and because DeLind's gesture was made in connection with his use or occupancy of an automobile. In its supplemental brief and at oral argument, Allstate extended its argument by claiming that the exclusion applied because Johnston occupied a vehicle when she was injured.

¶ 6  Johnston argues that her occupancy or use of a vehicle is irrelevant and the inquiry must be directed only to the insured's (DeLind's) actions. We agree with

Johnston on this point. Johnston also argues that DeLind's conduct was only incidental to his use or occupancy of the vehicle and thus the exclusion does not apply. We disagree with Johnston on this point.

¶ 7  Our "arising out of" cases have involved both automobile and homeowners policies. *See Ruiz,* 177 Ariz. at 102, 865 P.2d at 763; *Mazon v. Farmers Ins. Exch.,* 107 Ariz. 601, 491 P.2d 455 (1971); *Morari v. Atlantic Mut. Fire Ins. Co.,* 105 Ariz. 537, 468 P.2d 564 (1970). Our cases tend to fit together so that one policy or the other generally provides coverage because one policy's inclusion is the other policy's exclusion.

¶ 8  In both settings, the "arising out of" language requires a causal connection between the injuries and the vehicle. *See Ruiz,* 177 Ariz. at 102, 865 P.2d at 763. If a causal connection exists, there is coverage under the automobile policy, but not under the homeowners policy. If a causal connection does not exist, there is coverage under the homeowners policy but not under the automobile policy. *Id.; Allstate Ins. Co. v. Powers,* 190 Ariz. 432, 434, 949 P.2d 521, 523 (App.1997).

¶ 9  In *Ruiz,* an automobile insurance case, not a homeowners case, we held that a gunshot injury sustained in a car-to-car shooting did not arise out of the use of a vehicle because "the injury was caused by the shotgun pellets." *Id.* at 103, 865 P.2d at 764. We said "[w]hat injured Ruiz was how the shotgun was used, not how the car was used. The use of the uninsured vehicle was incidental." *Id.* Our focus in *Ruiz* was not on the pursuit and maneuvering, but rather on the shotgun. We concluded that the vehicle was used not as a car, but as a gun platform. *Id.* at 104, 865 P.2d at 765.

¶ 10  But in this case, DeLind's use or occupancy of the truck, even as a passenger, was not incidental. And what injured Johnston was how DeLind used the vehicle. DeLind gestured at Ferrara while they were speeding down the street. Ferrara thought DeLind was pointing a gun at him. Ferrara lost control of the Jeep because he tried to move away from DeLind and the vehicle he occupied. DeLind's use or occupancy of the

vehicle caused Ferrara to lose control, which in turn caused Johnston's injuries. In contrast to *Ruiz,* where the injuries were caused by shotgun pellets, here there was a causal connection between the injuries and the vehicle. Because Johnston's injuries arose out of DeLind's use or occupancy of the vehicle, the automobile exclusion of Allstate's homeowners policy applies. A corollary to this is that Johnston's injuries do arise out of the use of an automobile for purposes of determining coverage under otherwise applicable motor vehicle insurance.

### III.

¶ 11 We vacate the memorandum decision of the court of appeals and affirm the judgment of the superior court.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and RUTH V. MCGREGOR, Justice.