217 P.2d 923

BIAETT v. PHOENIX TITLE & TRUST CO.

No. 5102.

Supreme Court of Arizona.

May 2, 1950.

facts: On October 14, 1947, one Lynn M. Laney commenced an interpleader action against D. H. Biaett, appellant herein, Myrtle Biaett, his wife, and the Phoenix Title and Trust Company, appellee herein. On November 3, 1947, at 2:35 p. m., the appellant filed a cross-claim against the appellee alleging among other things that appellee, prior to the date of this suit, had filed an interpleader action in the Superior Court of Maricopa County, Civil Cause No. 55167, against the appellant and other parties, and that, while waiting for said former action to be instituted and in defending same, appellant incurred expenses in the amounts of "$143.00 for taking care of the grove, on the property, from May 22, 1945, to July 1, 1945, and $300.00—the fee paid to L. M. Laney, the attorney D. H. Biaett secured, to defend the interpleader action, at the suggestion of the Phoenix Title and Trust Co."

On the same day the appellant's cross-claim was filed, the appellee, at 11:05 a. m., through its attorney filed answer to the Laney interpleader action and also filed its cross-complaint against the appellant and others. Thus in spite of the fact that appellee had appeared some three hours previously and was then represented by an attorney of record, appellant attempted to perfect service of his cross-claim upon the appellee by mailing a copy thereof in an envelope addressed to "Mr. George W. Mickle, Title and Trust Bldg., Phoenix,

Kenneth Biaett, of Glendale, for appellant.

Orme Lewis, of Phoenix, for appellee.

DON T. UDALL, Superior Judge.

This is a joint appeal from an order setting aside a default entered by the clerk and an order granting summary judgment. The record reveals the following pertinent

Arizona" without designating him to be an officer of said appellee corporation. Service was purportedly made pursuant to Rule 5(b), Sec. 21-322, A.C.A.1939. Upon filing affidavit of mailing and after time to answer the cross-claim had expired, the clerk of the superior court entered default against the cross-defendant (appellee), on November 29, 1947. Thereafter, to-wit: on December 29, 1947, the appellee filed its motion, supported by affidavit of its attorney, to set aside entry of default alleging excusable neglect in not answering the cross-claim within the statutory time, and further requesting the court to sanction the filing of its answer to said cross-claim which had been filed on December 8, 1947. The answer was in effect a general denial to the cross-claim and in addition set up the following affirmative defense, viz.: " * * * this defendant alleges that the agreement claimed by cross-claimant, D. H. Biaett, if made, which defendant positively denies, could only have arisen out of the transactions or occurrences and subject matter of an action in this court in Cause No. 55167, in which this defendant was plaintiff and cross-claimant D. H. Biaett was a defendant, and which action was dismissed with prejudiced by this Court. Further, at the time of filing its answer the appellee also filed motion for summary judgment. On January 9, 1948, the lower court entered its order setting aside the default entered by the clerk and also entered an order granting appellee's motion for summary judgment against appellant. From these orders the appellant prosecutes this appeal.

By the first assignment of error appellant complains that it was an abuse of discretion for the trial court to set aside the default entered against the appellee, Phoenix Title and Trust Company, on the appellant's cross-claim. Had there been a valid service in the first instance of this pleading seeking affirmative relief, we would be inclined to agree with appellant that appellee's motion and supporting affidavit asking the court to set aside the default on the ground of excusable neglect were insufficient to warrant such action. However, we are convinced that upon the face of this record the clerk was without jurisdiction to enter a default on the cross-claim as it had not been properly served. Therefore, if the default was a nullity no good purpose would be served in analyzing the affidavit and motion to determine if they show excusable neglect.

■ Rule 5(b), supra, provides the manner in which pleadings filed subsequent to the original complaint shall be served. The portion of said rule applicable to the question before the court reads as follows. " * * * Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney *unless service upon the party himself is ordered by the Court.* Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to

him at his last known address or, if no address is known, by leaving it with the clerk of the court. * * *" (Emphasis supplied.)

A cross-claim is considered to be a pleading filed subsequent to the original complaint and should be served in accordance with the provisions of Rule 5(b), supra. This procedural requirement is supported by Moore's Federal Practice, Vol. 1, page 678, which reads as follows: "The answer (or other pleading) which contains the counterclaim or cross-claim should be served in accordance with Rule 5, which generally means service of the answer upon plaintiff's attorney, in the case of the counterclaim, and upon the co-party's attorney in the case of a cross-claim. *Such personal service as is required for the service of a complaint is not required for the service of the answer, although an affirmative judgment is sought, where the party against whom the counterclaim or cross-claim is pleaded has appeared in the action.* * * *" (Emphasis supplied.)

▇▇▇▇ Under the Federal Rules, Federal Rules of Civil Procedure, 28 U.S.C.A., which have been adopted by this court, it is mandatory that service of a pleading be made on a party's attorney, if he has one, and only by permission of the court can it be served on the party himself who has appeared and is represented by an attorney. "When a party has appeared and is represented by an attorney, service is required to be made upon the attorney, unless the court orders service to be made upon the party himself. If a party is not represented by an attorney, service must, of course, be made upon the party. Unless the court orders service to be made upon a party himself, it is improper, and a noncompliance with the Federal Rules, to make service upon a party himself who has appeared and is represented by an attorney. * * *" Moore's Federal Practice, Vol. 1, page 375. (Emphasis supplied.) The above rule imposes the duty upon an attorney who files a cross-claim or counterclaim to examine the record before making service to ascertain if the party on whom service is to be made has an attorney in order to determine upon whom service is required to be made.

▇▇▇▇ A mandatory statute should as a general rule be literally construed and strictly applied. Regan v. Ensley, 283 Mo. 297, 222 S.W. 773. In statutory proceedings, statute must be strictly pursued, especially in regard to provisions which are designated to safeguard substantial rights. Willey v. Diepress Co., 156 Misc. 762, 281 N.Y.S. 907. Applying this principle of law to the facts revealed herein, it was appellants' duty (1) to have served appellee's attorney with a copy of the cross-claim, and (2) in the event appellant desired to served the party itself, he should have first procured a court order.

▇▇▇▇ As heretofore pointed out, the appellant served, by ordinary mail, a copy of his cross-claim upon Mr. George W. Mickle

without designating him to be an officer of said appellee corporation. Under the law it is possible to serve a corporation with pleadings and other papers by mail when it has appeared as a party to an action even though it has no attorney of record. However, to accomplish legal service on a corporation in this manner it is necessary that the officer to whom the papers are mailed be expressly designated as such; or the papers may be mailed to its local agent, in the county in which action is brought, or to any agent appointed for that purpose. Section 21-313, A.C.A.1939. Addressing and mailing a pleading to a person who may be an officer of a corporation is too uncertain to perfect legal service on the corporation and is not a strict compliance with the law above cited. The rules in question should be strictly construed to safeguard the substantial rights of the parties. As the appellant did not comply at all with the provisions of Rule 5(b), supra, and Sec. 21-313, we hold that service upon appellee was legally defective to the extent of not giving the clerk jurisdiction to enter default, and moreover, the lower court made the proper order in setting it aside.

The appellant, as his second assignment of error, states that the order granting summary judgment was erroneous because the pleadings on file in said case presented a genuine issue as to a material fact to be tried. The motion for a summary judgment and order were made pursuant to the provisions of Secs. 21-1211 and 21-1212, A.C.A.1939.

While it is true that the cross-claim and answer appear to present a genuine issue of material fact to be tried, appellant does not take into consideration the effect of the affirmative defense in said answer, which when considered together with appellant's allegations renders the conflict immaterial. In such affirmative defense the appellee sets forth that the agreement alleged by appellant in said cross-claim arose out of the transactions or occurrences which were the subject matter of the former action and therefore is res judicata. Such being true, appellant's claim here is wholly without merit and forms no basis for his present cause of action. The cross-claim alleges in simple words that the amounts prayed for were expenses incurred by appellant in defending the former action and caring for the property involved, all of which occurred prior to filing his answer therein. Said allegations when taken into consideration with the affirmative allegation of appellee's answer in the instant case clearly make it appear that appellant's cross-claim was a compulsory counterclaim which was required to be raised in the first action. Sec. 21-437, A.C.A.1939, known as Rule 13(a), states that: " * * * A pleading shall state as a counterclaim any claim not the subject of a pending action, which at the time of filing the pleading the pleader

has against any opposnig party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court can not acquire jurisdiction."

· The leading authorities on this subject give Rule 13(a), supra, the effect of precluding a defendant, who does not plead any counterclaim which he has, from raising the same matter in an independent action. It should also be related in this connection that appellee in its complaint in the first cause of action asked for attorney's fees against appellant. Surely that was the proper time for appellant to have counterclaimed for the attorney fees he is now seeking against appellee, as his claim was then in full maturity and arose out of the same transaction or occurrence. The appellant, therefore, had no alternative under the rule in question but to plead his counterclaim in the first cause of action and he could not reserve it for an independent suit. 5 Cyc. of Fed.Proc., Sec. 1796, page 463, emphatically sustains this principle of law: " * * * The language of subdivision (a) in reference to counterclaims of the first class is imperative. It leaves the defendant no choice as to whether or not he will plead his counterclaim or reserve it for an independent suit. The courts consistently held in dealing with the antecedent provision of former Equity Rule 30 that if it grows out of the transaction which is the subject matter of the suit, the rule says he 'must' state it in his answer, thus imposing a positive duty upon him to plead it, and a defendant disregarding such requirement was held to waive his counterclaim. * * *"

Also, it was held in the case of Flowers v. Magor Car Corporation, D.C., 26 F.2d 98, 99, that: "The purpose of the mandatory provision of this rule (Equity Rule 30) is to end in one suit all controversies arising out of the same transaction. If the defendant fails to counterclaim such a controversy, by necessary implication he is forever barred from obtaining any affirmative relief based thereon. * * *" (Words in parenthesis ours.)

■■ The rule of procedure, originally found in Equity Rule 30, and presently known as Rule 13(a), supra (Moore's Federal Practice, Vol. 1, page 684), raised by the second assignment of error is "mandatory," and the appellant, failing to plead any counterclaim which he had to the first cause of action, will be precluded by the judgment from raising the same matter in the second action which is the subject of this appeal. Federal Rules of Civil Procedure, Rule 13(a), 28 U.S.C.A.; Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C., 42 F.Supp. 340.

With further regard to Rule 13(a), supra, we hold that the principle of res judicata applies to all issues that could have been raised in the first cause of action mentioned herein. If the appellant had any doubt as

to the nature of his counterclaim, whether permissive or compulsory, careful practice requires that he should have pleaded it at that time. Moore's Federal Practice, Vol. 1, page 681.

Under all the circumstances above set forth, we are satisfied that it would have been error for the trial court to either refuse to set aside default or grant summary judgment. Judgment is affirmed.

UDALL, STANFORD, PHELPS and DE CONCINI, JJ., concur.