445 P.2d 426

**TECHNICAL AIR PRODUCTS, INC., an Arizona corporation, Appellant,**

v.

**SHERIDAN–GRAY, INC., a California corporation, Appellee.**

**No. 8486.**

Supreme Court of Arizona.
In Division.
Sept. 25, 1968.

James E. Grant, Phoenix, for appellant.

Ira S. Broadman, Phoenix, for appellee.

UDALL, Vice Chief Justice:

This matter concerns two prior actions. In the second action, the trial court granted defendant's motion for summary judgment on the ground that plaintiff's claim was barred because it was the subject of a compulsory counterclaim in the former action and was not pleaded. Plaintiff-appellant brings this appeal from the summary judgment.

Appellant is an Arizona corporation operating under the name Technical Air Products, Inc., (Tapco). Appellee, Sheridan-Gray, Inc., is a California corporation. Tapco entered into an agreement with

Sheridan-Gray to purchase a Hot Forming Press for use in Tapco's business of manufacturing aircraft and missile parts. The machine was shipped from Sheridan-Gray's plant in California to Phoenix and taken to Tapco's place of business. It was soon discovered that it could not be operated on Tapco's premises in compliance with city fire ordinances. Tapco then made an agreement with Sheridan-Gray to ship the machine back to Sheridan-Gray's plant and operate it there to make parts for Tapco. The agreement provided that a certain price would be charged Tapco for each hour the machine was used to make Tapco parts. The price depended upon whether it was operated by one of Tapco's employees or by an employee of Sheridan-Gray. Shortly after the machine was returned to California the president of Tapco visited the Sheridan-Gray plant. At that time a second agreement was made concerning the use of the same machine. Tapco agreed to permit Sheridan-Gray to use the machine to make parts for Sheridan-Gray when it wasn't being used for Tapco. The price Tapco would charge was not settled but was to be based in part upon the amount charged Tapco for Tapco's use of the machine.

Pursuant to these agreements, the machine remained at Sheridan-Gray's plant for three months after which it was shipped back to Tapco in Phoenix. Sheridan-Gray rendered its statement to Tapco indicating that a total sum was due Sheridan-Gray in the amount of $4,785.01 which took into consideration a credit of $192.28 representing the sum due Tapco for Sheridan-Gray's use of the machine. The sum of $1,500.00 was paid on the account by Tapco, leaving a balance of $3,285.01. Subsequently Sheridan-Gray made a demand upon Tapco for the remaining amount due and brought suit on the account when Tapco failed to pay. The complaint asserted all offsets or credits due Tapco in connection with Sheridan-Gray's use of the machine. Tapco filed two motions in the action but failed to answer. Default judgment was subsequently taken by Sheridan-Gray against Tapco.

Two months later, Tapco instituted the action which is the subject of this appeal against Sheridan-Gray in which it claimed the sum of $3,800.00 for the unlawful use of its machine. Sheridan-Gray answered and then moved the court below for summary judgment on the ground that Tapco's claim arose out of the same transaction that formed the basis of the former suit between the parties, was a compulsory counterclaim in that action, and since it was not plead it was now res judicata. Summary judgment was granted in favor of Sheridan-Gray and from that judgment Tapco brings this appeal.

Tapco has two principal contentions. First, the claim was not the subject of a compulsory counterclaim in the former action because it did not arise out of the same transaction that was the subject matter of the complaint. Second, the default judgment does not have res judicata effect on the claim. We disagree with both contentions.

Rule 13(a), Arizona Rules of Civil Procedure, A.R.S. Volume 16, provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *"* (Emphasis supplied)

The decision turns upon the construction given to the word "transaction." Tapco's contention is that its claim for the unlawful use by Sheridan-Gray of its press did not arise out of the same transaction as the claim sued upon by Sheridan-Gray in the first action. The transaction that was the subject of the first action was the original agreement which was made before the machine was sent back to California. The transaction which was the subject matter of Tapco's claim was the second agreement entered into after the machine arrived in California. Thus, argues Tapco, its claim did not arise out of the same transaction, was not subject to Rule 13(a), and was not barred.

We will not presume that Sheridan-Gray's alleged wrongful use of Tapco's machine arose out of the second agreement any more than that it arose out of the first transaction. Nor do we feel that the two transactions need to be segregated and treated differently.

Federal Rule of Civil Procedure, 13(a), which is substantially the same as our Rule 13(a), was taken from Equity Rule 30. The United States Supreme Court has given its construction to the word "transaction" as it comes from the Equity rule:

"'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*. * * *" (Emphasis supplied) Moore v. New York Cotton Exchange (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757.

The federal courts have accordingly given a liberal construction to 'transaction' as it appears in Rule 13(a):

"Rule 13(a) provides that a compulsory counterclaim is one which 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' While this phrase has escaped exact definition, the decisions have adopted the test of whether there is a logical relationship between the two causes of action." Berger v. Reynolds Metal Co., 39 F.R.D. 313 (D.C.E.D.Pa., 1966). See also, Albright v. Gates, 362 F.2d 928 (C.A. 9th, 1966); E. J. Korvette Co., Inc. v. Parker Pen Co., 17 F.R.D. 267 (D.C.S. D.N.Y., 1955).

In answering Tapco's first contention our task is not to find whether its claim for wrongful use arose out of the very agreement that Sheridan-Gray sued upon in the first action, but to determine whether there is a logical relationship between the two claims.

Two agreements were made concerning the use of the same machine at the same location. The second agreement concerned Sheridan-Gray's use of the press.

However, Tapco's suit is for the wrongful use of the machine, not the use pursuant to the second agreement. The whole affair is intimately bound up with the operation of the machine. The second agreement was incidental to the first. The alleged wrongful use of the machine cannot be said to have been incidental to either agreement. We therefore hold that Tapco's claim comes within the compulsory counterclaim rule and the court below was correct in granting the summary judgment on that count.

Tapco next contends that since it never filed an answer to the claim of Sheridan-Gray, but only appeared, the default judgment is not res judicata as to their claim for wrongful use even though it might have been a compulsory counterclaim. There is no merit in the argument. A default judgment has the same res judicata effect as a judgment on the merits where the issues were litigated. We would circumvent the purpose of Rule 13(a) if we were to rule that a claim which was the subject of a compulsory counterclaim is not barred in a subsequent suit merely because judgment was taken by default rather than on the merits. Such a rule would allow a litigant to default and then bring a separate action on a claim that would have been compulsory in the first action had he filed an answer.

In Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 217 P.2d 923, 22 A.L.R.2d 615, we said:

"With further regard to Rule 13(a), supra, we hold that the principle of res judicata applies to all issues that could have been raised in the first cause of action mentioned herein. If the appellant had any doubt as to the nature of his counterclaim, whether permissive or compulsory, careful practice requires that he should have pleaded it at that time. Moore's Federal Practice, Vol. 1, page 681."

Affirmed.

BERNSTEIN and LOCKWOOD, JJ., concur.