588 P.2d 364

**Dorothy LOVE and Kenneth G. Shilling, as Co-Personal Representatives of the Estate of W. Kurt Kremers, Deceased, Plaintiffs/Appellants,**

v.

**FARMERS INSURANCE GROUP, a corporation, and Mid-Century Insurance, a corporation, Defendants/Appellees.**

No. 2 CA–CIV 2941.

Court of Appeals of Arizona, Division 2.

Sept. 28, 1978.

Rehearing Denied Nov. 1, 1978.

Review Denied Nov. 21, 1978.

Price, Tinney, Lindberg & Gianas by John Price, Tucson, for plaintiffs/appellants.

Law Offices of Philip Fahringer by Philip Fahringer and James F. Bly, Jr., Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

Appellants, as representatives of the estate of appellants' decedent, sought a declaratory judgment that the decedent's automobile liability policy covered the events resulting in his death. Appellee insurance companies denied that the policy applied. This is an appeal from a summary judgment for appellees. We affirm.

This case was first heard before the Honorable Lillian Fisher. Judge Fisher denied appellees' motion for judgment on the pleadings. The case was then heard before Judge Richard Hannah. The record indicates that the court administrator assigned the case to Judge Hannah in the ordinary course of court administration. Judge Hannah granted appellees' motion for summary judgment.

Appellants raise two issues: (1) Whether Judge Fisher's denial of judgment on the pleadings precluded Judge Hannah from granting summary judgment, and (2) whether appellees are entitled to summary judgment.

(1) Appellants contend that appellees raised identical issues in both motions, that Judge Fisher's ruling resolved these issues against appellees and was the law of the case, therefore Judge Hannah was precluded from granting summary judgment for appellees. Assuming arguendo the truth of appellants' premises, we reject their conclusion.

The doctrine of the law of the case refers to the general rule that a court will not reconsider in the same case a point of law it has already decided. But the rule is one of procedure, not of substance. A court does not lack the power to change a ruling simply because it ruled on the question at an earlier stage. *Sibley v. Jeffreys*, 81 Ariz. 272, 305 P.2d 427 (1956); 21 C.J.S. Courts § 195b (1940); 71 C.J.S. Pleading § 268 (1951).

(2) Appellees are entitled to summary judgment if the evidence, viewed most favorably to appellants, shows that no material factual dispute exists and that appellees are entitled to judgment as a matter of law. *Livingston v. Citizen's Utility, Inc.*, 107 Ariz. 62, 481 P.2d 855 (1971). Thus viewed the facts are as follows. Two assailants abducted the decedent. They used the victim's car to take him to a remote spot in the desert. While one of the assailants drove the car, the other used a heavy metal candelabrum found in the car to beat the victim. This beating caused the victim's death. At the time of the killing, the victim was insured under an automobile liability policy issued by appellees, and the vehicle described in the policy was the one used by the assailants.

The coverage clause of the policy provides that appellees are obligated

"To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident, and *arising out of the ownership, maintenance or use* of such uninsured motor vehicle; . . ." (Emphasis supplied)

Judge Hannah granted summary judgment because the victim's death did not result from an accident "arising out of the ownership, maintenance or use" of the vehicle. We agree, and therefore do not reach the questions of whether the victim's car is an "uninsured motor vehicle" or whether the intentional assault is an "accident" within the meaning of the policy.

Appellants contend that the phrase "arising out of the ownership, maintenance or use" must be construed in favor of coverage because Judge Fisher found "an ambiguity in the exclusionary clause of the policy". But the fact that the exclusionary clause may be ambiguous does not mean that the coverage clause is ambiguous. The rule of *Dickerson v. Hartford Accident*, 56 Ariz. 70, 105 P.2d 517 (1940), does not apply to the language involved here. *Morari v. Atlantic Mutual Fire Insurance Company*, 105 Ariz. 537, 468 P.2d 564 (1970); *Ranger Insurance Co. v. Lamppa*, 115 Ariz. 124, 563 P.2d 923 (App.1977).

The majority rule is that there must be a causal relationship between the injury and the ownership, maintenance or use of the car. Annot., 89 A.L.R.2d 150 (1963); 12 Couch on Insurance 2d, § 45:56 (1964). Arizona follows this rule. *Mazon v. Farmers Ins. Exchange*, 107 Ariz. 601, 491 P.2d 455 (1971); *Morari, supra; Vanguard Insurance Co. v. Cantrell*, 18 Ariz.App. 486, 503 P.2d 962 (1972); *Brenner v. Aetna Ins. Co.*, 8 Ariz.App. 272, 445 P.2d 474 (1968).

In *Brenner*, the victim was accidentally shot while a passenger in the insured's car. We held that the required causal relationship did not exist where the only connection between the injury and the ownership, maintenance or use of the car was that the car was the situs of the accident. For purposes of this essential causal relationship, the fact that the case at bar involves an unwilling occupant of the car and an intentional act does not distinguish *Brenner*. The attack could have occurred outside the car as easily as inside the car.

Appellants cite *Morari, supra*, for the broad proposition that the causal relationship exists whenever an object carried in a vehicle for a purpose related to the use of the vehicle is used to injure another. They argue that because the victim transported the candelabrum in connection with his business, *Morari* requires the conclusion that the injury arose from the use of the car.

It is true that the Supreme Court found the required connection where the vehicle was used to carry guns for a hunting trip and the accident occurred while unloading the gun from the vehicle. *Morari, supra,* 105 Ariz. at 540, 468 P.2d 564. But the connection is not simply that the vehicle was used to transport guns, but that the injury was *incident* to that use. Here the injury was in no way connected to the victim's business use of his car to transport the candelabrum. Thus, the fact that the assailants used an object they found in the car as a weapon does not in itself supply the essential causal connection.

Appellants contend that a construction of the insurance policy denying coverage is inconsistent with the policy underlying uninsured motorist protection, A.R.S. § 20–259.01. Although the statute is to be broadly construed, it does not follow that every construction denying coverage violates the policy of the statute.

The purpose of the statute is to permit an insured "to recover the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance in a solvent company. *Transportation Ins. Co. v. Wade*, 106 Ariz. 269, 475 P.2d 253 (1970)". *Dairyland Insurance Co. v. Lopez*, 22 Ariz.App. 309, 310, 526 P.2d 1264, 1265 (1974). The decedent's representatives would not be able to recover even if the assailants had maintained a policy of liability insurance in a solvent company because the decedent's death did not arise from the ownership, maintenance or use of the car. There is no inconsistency with the policy of A.R.S. § 20–259.01.

Judgment affirmed.

RICHMOND, C. J., and HOWARD, J., concur.