NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON BARBER, husband; and SEANA BARBER, wife,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>ENCOMPASS INDEMNITY COMPANY, an Illinois insurance company,<br><br>        Defendant - Appellee. | No. 10-16710<br><br>D.C. No. 4:09-cv-00050-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Aruged and Submitted October 24, 2011
San Francisco, California

Before:  GRABER and IKUTA, Circuit Judges, and KAPLAN,[**] Senior District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lewis A. Kaplan, Senior United States District Judge for the Southern District of New York, sitting by designation.

In this diversity action involving insurance coverage for liability arising from an automobile accident, Plaintiffs Jason and Seana Barber appeal the trial court's grant of summary judgment in favor of Defendant Encompass Indemnity Company. Applying Arizona law, Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir. 2010), and reviewing de novo, Ferguson ex rel. McLeod v. Coregis Ins. Co., 527 F.3d 930, 932 (9th Cir. 2008) (per curiam), we affirm.

The district court correctly concluded that the accident at issue—in which the insured vehicle's involvement was limited to its presence on a towed flat-bed trailer—fell outside the general coverage definitions of Defendant's insurance policy. That conclusion is correct both under the minimum liability requirements of Arizona automobile insurance law and under the text of the policy itself. Under Arizona law, "for coverage to exist, an insured must be using the car pursuant to the 'inherent nature' of the vehicle," because the "'arising out of the use . . . of a car' language implies that the . . . injury occurs as a result of the operation of the car." Benevides v. Ariz. Prop. & Cas. Ins. Guar. Fund, 911 P.2d 616, 619 (Ariz. Ct. App. 1995) (first ellipsis in original). Here, the trailer might as well have been carrying a load of refrigerators or some other heavy cargo; to the extent that the weight or size of the cargo had a role in causing the accident, nothing about that

2

weight or size was specific to the "inherent nature" of an automobile as a means of transport.

Westfield Insurance Co. v. Aetna Life & Casualty Co., 739 P.2d 218, 222 (Ariz. Ct. App. 1987), is not to the contrary. That case involved insurance coverage of an actively controlled, towed automobile. Here, only the flat-bed trailer was being towed and actively controlled, while the insured vehicle was nothing more than passive cargo. Westfield does not decide how to treat such a situation. Indeed, our outcome today is consistent with the general rule announced in Westfield; that decision's reliance on "utilization . . . in the manner intended or contemplated by the insured" requires utilization specific to the inherent nature of an automobile. Id. (internal quotation marks omitted).

Because the accident at issue was not within the general coverage definitions of the insurance policy, Plaintiffs' other arguments necessarily fail.

**AFFIRMED.**

3

FILED

NOV 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IKUTA, Circuit Judge, dissenting:

There is no need to guess how an Arizona court would resolve this case, because a state court opinion is directly on point: *Westfield Ins. Co. v. Aetna Life & Cas. Co.,* 739 P.2d 218 (Ariz. Ct. App. 1987). In that case, the Arizona Court of Appeals held that a car being towed by a tow truck was in "use" within the terms of the towed car's insurance policy. *Id.* at 222. Broadly construing the concept of "using" an insured car, *Westfield* held that the tow truck driver was "using" the car because he was (1) "operating the tow truck on the road for the purpose of transporting" the insured car, and (2) "actively controlling the movement of both the tow truck and [the insured car]." *Id.*

*Westfield* is on all fours with this case. Here, a driver was (1) operating a truck and flatbed trailer for the purpose of transporting the insured car, and (2) actively controlling the movement of both his truck and the insured car. Under *Westfield*, the insured car here was in "use" when it was being towed and therefore within the insurance policy's omnibus coverage provision. That should be the end of the inquiry.

Yet the majority purports to distinguish *Westfield* on the ground that the towed car in *Westfield* was "actively controlled," whereas here, only the "flat-bed

1

trailer [carrying the car] was . . . actively controlled." Maj. op. at 3. According to the majority, *Westfield*'s reasoning extends only to cars towed by a traditional tow truck because towing a car with a flat-bed trailer makes the insured car merely "passive cargo." *Id.* But nothing in *Westfield* suggests that its reasoning is so limited. In fact, *Westfield* does not even mention *how* the insured car was being towed. 739 P.2d at 219. Under the reasoning in *Westfield*, it makes no difference whether the tow truck driver wraps chains around an axle or puts all four wheels on a flat bed—it is the tow truck driver that is actively controlling the vehicle.

Nor does any other Arizona opinion justify the majority's weak efforts to distinguish *Westfield*. The majority's reliance on *Benevides v. Arizona Property & Casualty Insurance Guaranty Fund*, 911 P.2d 616 (Ariz. Ct. App. 1995), is entirely misplaced. *Benevides* involved a parked car blasting music so loudly that an angered bystander shot the car's occupants. *Id.* at 617. Not surprisingly, the Arizona Court of Appeals held that the car was not in "use" for purposes of its insurance policy because its function as a "mobile boom box" was not pursuant to the "inherent nature" of the car. *Id.* at 619 (quoting *Hawkeye-Security Ins. Co. v. Gilbert*, 866 P.2d 976, 979 (Idaho Ct.App.1994)). But Arizona courts have been clear that the "inherent nature" of a car includes more than just driving or transportation. A car's flashing lights may serve as safety warnings for persons

2

working outside the car, *see Tobel v. Traveler's Ins. Co.*, 988 P.2d 148, 154 (Ariz. Ct. App. 1999) (holding that the car was in "use"), just as loading and unloading a car is equally a "use" within its "inherent nature," *see Mission Ins. Co. v. Aid Ins. Servs.*, 585 P.2d 240, 242 (Ariz. 1978) (same). Clearly, the "inherent nature" of a car also includes being towed, or else the majority's narrow interpretation of "use" would overrule *Westfield* itself. Indeed, contrary to the majority's suggestion, Maj. op. at 3, the parties here clearly "intended or contemplated" that an antique show car would be towed: the insurance policy notes at least three times that the insured car may be "trailered from one location to another."

Our duty as a federal court sitting in a diversity action is to apply the substantive law of the forum state. *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010). That job is seemingly easy here, where an Arizona court has already spoken directly on a substantially identical issue. But the majority ignores the guidance, finding distinction where none can be found and creating uncertainty when there should have been absolute clarity. I respectfully dissent.

3