MEMORANDUM **
In this diversity action involving insurance coverage for liability arising from an automobile accident, Plaintiffs Jason and Seana Barber appeal the trial court’s grant of summary judgment in favor of Defendant Encompass Indemnity Company. Applying Arizona law, Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir.2010), and reviewing de novo, Ferguson ex rel. McLeod v. Coregis Ins. Co., 527 F.3d 930, 932 (9th Cir.2008) (per curiam), we affirm.
The district court correctly concluded that the accident at issue — in which the insured vehicle’s involvement was limited to its presence on a towed flat-bed trailer — fell outside the general coverage definitions of Defendant’s insurance policy. That conclusion is correct both under the minimum liability requirements of Arizona automobile insurance law and under the text of the policy itself. Under Arizona law, “for coverage to exist, an insured must be using the car pursuant to the ‘inherent nature’ of the vehicle,” because the “ ‘arising out of the use ... of a car’ language implies that the ... injury occurs as a result of the operation of the car.” Benevides v. Ariz. Prop. & Cas. Ins. Guar. Fund, 184 Ariz. 610, 911 P.2d 616, 619 (Ariz.Ct.App.1995) (first ellipsis in original). Here, the trailer might as well have been carrying a load of refrigerators or some other heavy cargo; to the extent that the weight or size of the cargo had a role in causing the accident, nothing about that weight or size was specific to the “inherent nature” of an automobile as a means of transport.
Westfield Insurance Co. v. Aetna Life & Casualty Co., 153 Ariz. 564, 739 P.2d 218, 222 (Ariz.Ct.App.1987), is not to the contrary. That case involved insurance coverage of an actively controlled, towed automobile. Here, only the flat-bed trailer was being towed and actively controlled, while the insured vehicle was nothing more than passive cargo. Westfield does not decide how to treat such a situation. Indeed, our outcome today is consistent with the general rule announced in Westfield; that decision’s reliance on “utilization ... in the manner intended or contemplated by the insured” requires utilization specific to the inherent nature of an automobile. Id. (internal quotation marks omitted).
Because the accident at issue was not within the general coverage definitions of the insurance policy, Plaintiffs’ other arguments necessarily fail.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.