IKUTA, Circuit Judge,
dissenting:
There is no need to guess how an Arizona court would resolve this case, because a state court opinion is directly on point: Westfield Ins. Co. v. Aetna Life & Cas. Co., 153 Ariz. 564, 739 P.2d 218 (Ariz.Ct.App.1987). In that case, the Arizona Court of Appeals held that a car being towed by a tow truck was in “use” within the terms of the towed car’s insurance policy. Id. at 222. Broadly construing the concept of “using” an insured car, West-field held that the tow truck driver was “using” the car because he was (1) “operating the tow truck on the road for the purpose of transporting” the insured car, and (2) “actively controlling the movement *619 of both the tow truck and [the insured car].” Id.
Westfield is on all fours with this case. Here, a driver was (1) operating a truck and flatbed trailer for the purpose of transporting the insured car, and (2) actively controlling the movement of both his truck and the insured car. Under West-field, the insured car here was in “use” when it was being towed and therefore within the insurance policy’s omnibus coverage provision. That should be the end of the inquiry.
Yet the majority purports to distinguish Westfield on the ground that the towed car in Westfield was “actively controlled,” whereas here, only the “flat-bed trailer [carrying the car] was ... actively controlled.” Maj. op. at 618. According to the majority, Westfield’s reasoning extends only to cars towed by a traditional tow truck because towing a car with a flat-bed trailer makes the insured car merely “passive cargo.” Id. But nothing in Westfield suggests that its reasoning is so limited. In fact, Westfield does not even mention how the insured car was being towed. 739 P.2d at 219. Under the reasoning in West-field, it makes no difference whether the tow truck driver wraps chains around an axle or puts all four wheels on a flat bed— it is the tow truck driver that is actively controlling the vehicle.
Nor does any other Arizona opinion justify the majority’s weak efforts to distinguish Westfield. The majority’s reliance on Benevides v. Arizona Property & Casualty Insurance Guaranty Fund, 184 Ariz. 610, 911 P.2d 616 (Ariz.Ct.App.1995), is entirely misplaced. Benevides involved a parked car blasting music so loudly that an angered bystander shot the car’s occupants. Id. at 617. Not surprisingly, the Arizona Court of Appeals held that the car was not in “use” for purposes of its insurance policy because its function as a “mobile boom box” was not pursuant to the “inherent nature” of the car. Id. at 619 (quoting Hawkeye-Security Ins. Co. v. Gilbert, 124 Idaho 953, 866 P.2d 976, 979 (Idaho Ct.App.1994)). But Arizona courts have been clear that the “inherent nature” of a car includes more than just driving or transportation. A car’s flashing lights may serve as safety warnings for persons working outside the car, see Tobel v. Traveler’s Ins. Co., 195 Ariz. 368, 988 P.2d 148, 154 (Ariz.Ct.App.1999) (holding that the car was in “use”), just as loading and unloading a car is equally a “use” within its “inherent nature,” see Mission Ins. Co. v. Aid Ins. Servs., 120 Ariz. 220, 585 P.2d 240, 242 (1978) (same). Clearly, the “inherent nature” of a car also includes being towed, or else the majority’s narrow interpretation of “use” would overrule Westfield itself. Indeed, contrary to the majority’s suggestion, Maj. op. at 618, the parties here clearly “intended or contemplated” that an antique show car would be towed: the insurance policy notes at least three times that the insured car may be “trail-ered from one location to another.”
Our duty as a federal court sitting in a diversity action is to apply the substantive law of the forum state. Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir.2010). That job is seemingly easy here, where an Arizona court has already spoken directly on a substantially identical issue. But the majority ignores the guidance, finding distinction where none can be found and creating uncertainty when there should have been absolute clarity. I respectfully dissent.