**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AG SERVICES OF AMERICA, INC.,
an Iowa corporation,

      Plaintiff,

v.

JOHN D. NIELSEN, also known as
Jack Nielsen, and DIAMOND HILLS
FARMS, CLOVIS, INC., a New
Mexico Corporation,

      Defendants-Third-Party
      Plaintiffs-Third-Party Counter-
      Defendants-Appellees,

v.

TERRY LUNDELL,

      Third-Party Defendant- Third-
Party Counter-Claimant-
Appellant.

No. 99-2094

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-1637-JC/WWD)**

---

Submitted on the briefs:

Terry Lundell, Pro Se.

Stephen S. Hamilton, Montgomery & Andrews, P.A., Santa Fe, New Mexico, and

Laurice Margheim, Curtiss, Moravek, Curtiss & Magheim, Alliance, Nebraska, for Defendants-Appellees.

———————————

Before **MURPHY** and **HOLLOWAY**, Circuit Judges, and **COOK**, District Judge.[1]

———————————

**HOLLOWAY**, Circuit Judge.

———————————

This appeal is brought by Mr. Terry Lundell, who was a third-party defendant and counter-claimant in the action below.  The only district court ruling at issue in this appeal is the grant of summary judgment against Lundell on his third-party counterclaim.  Our review is *de novo.* [2]

Ag Services of America, Inc. (Ag Services) brought an action in the district court against Mr. John Nielsen and Diamond Hills Farms, Clovis, Inc. (DHFC), seeking to hold them liable for the unpaid agricultural loan which Ag Services had made to Lundell for the 1992 growing season.  That primary controversy is the subject of a related opinion filed this day in No. 99-2081, *Ag Services of America, Inc. v. Nielsen, et al.*, where a more complete review of the underlying facts may be

———————————

[1]The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation.

[2]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34 (f).  the case is therefore submitted without oral argument.

found.

Nielsen and DHFC filed a third-party complaint against Lundell, alleging that Lundell should be liable to them for indemnity for any judgment in favor of plaintiff Ag Services. Lundell then filed a counterclaim against Nielsen and DHFC. Lundell sought recovery of damages against Nielsen and DHFC in eight counts. [3] Nielsen and DHFC moved for summary judgment against Lundell on the issues raised in his counterclaim. The district court granted the motion for summary judgment, and when final judgment disposing of all claims had been entered, Lundell brought this appeal. [4]

## II

All of the claims except one alleging tortious interference with contractual rights were based entirely on the events of 1992, when Nielsen and Lundell had formed DHFC and engaged in a potato farming venture in the Clovis, New Mexico area, events which are reviewed in much more depth in our opinion in the related, primary appeal, No. 99-2081. For present purposes only a much truncated overview

---

[3]The theories of relief asserted in the eight counts were breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation, fraud, violation of the New Mexico Unfair Practices Act, prima facie tort, tortious interference with contractual relations, and economic coercion.

[4]Lundell's counterclaim was alleged against both Nielsen and DHFC, and his notice of appeal named both of those parties. In his briefs, however, Lundell has included only Nielsen in the caption and has presented no argument directed to DHFC's involvement, if any, in the facts giving rise to his claims. We therefore deem the appeal as to DHFC to have been abandoned by Lundell.

of the underlying facts is necessary.

Lundell had borrowed operating funds from Ag Services in previous years. In the second half of 1991 he became interested in leasing a large farm in the Clovis area from Jeff Jorde and in growing potatoes on part of that farm. Eventually Ag Services agreed to loan up to $800,000.00 for this venture, at least partially in reliance on Nielsen's association with the project, which was perceived as valuable because of Nielsen's experience in the more than usually risky business of potato farming and his contacts with potato chip companies which could contract in advance to buy large quantities of the crop.

Although the potato crop turned out fairly well, the Ag Services loan remained unpaid. Nielsen had not been reimbursed for most of his large contributions to the effort, and Nielsen believed that Lundell had taken a substantial amount of the proceeds for his personal use. Eventually, in December 1992, Lundell acknowledged these facts and executed a promissory note to Nielsen in the amount of $355,001.11. Lundell failed to pay the note, and in June 1993, Nielsen sued Lundell on the note in state court in Arizona. Nielsen took judgment by default against Lundell in that action in December 1993.

In the instant case, the district court determined that the Arizona default judgment barred all of Lundell's claims, except the tortious interference claim, under the doctrine of *res judicata* . The district judge held that under the Full Faith and

Credit Act, 28 U.S.C. § 1738, the Arizona judgment should be given the same effect that it would be given by the courts of Arizona, citing *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996). He then determined that default judgments are given the same preclusive effect under Arizona law as judgments on the merits, citing *Technical Air Products, Inc. v. Sheridan-Gray, Inc.*, 445 P.2d 426 (Ariz. 1968). Furthermore, the district court noted, also on the authority of *Technical Air Products*, that judgment by default bars any claims of the defaulting defendant which were compulsory counterclaims in the first proceeding. The judge went on to find that all of Lundell's counterclaims, except the tortious interference claim, clearly arose out of the same transaction on which Nielsen's Arizona lawsuit had been based, and the court accordingly held those counterclaims barred.

On appeal, Lundell's *pro se* brief devotes only one sentence to this part of the district court's ruling, asserting that the district court should have applied New Mexico law to determine the preclusive effect to by given to the Arizona judgment. This contention is erroneous. The district court correctly held that the law of Arizona must govern the preclusive effect to be given to the Arizona judgment. *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 (1985). Because appellant makes no other argument, we need not consider this point further, but we do note that not only did the judge apply the correct law, he appears to have applied it correctly.

## III

When Lundell leased the Jorde farm for the 1992 growing season, he signed a five-year lease. In January 1993, Lundell had still failed to pay the second half of the lease payment for 1992 and was in default. Jorde terminated the lease. Lundell's tortious interference claim is based on the allegation that Nielsen improperly influenced Jorde to declare default so that he, Nielsen, could lease the farm for 1993. He produced evidence that Jorde and Nielsen had discussed Lundell's possible default before the end of the first lease year in a single conversation, and that Nielsen had expressed an interest in leasing the farm for 1993 if the default did occur.[5] The district court found, however, that the undisputed evidence was that Jorde terminated Lundell's lease only because of Lundell's default, not because he wanted to lease to Nielsen instead of Lundell.

On appeal, Lundell argues that Jorde's motivation presented a genuine issue of material fact precluding summary judgment. In essence, this is an argument that the finder of fact could have found Jorde's testimony untrue, because Lundell does not identify any evidence supporting his allegations. As the district court apparently recognized, this is not the same thing as producing evidence to support the claimed interference. In any event, we conclude that the summary judgment was properly

---

[5]As it turned out, Nielsen leased only about 500 acres of the more than 4,000 acre farm for 1993.

granted because, if for no other reason, Lundell failed even to allege, much less to show evidence of, an essential element of this claim, a breach of his contract by Jorde as a result of the alleged interference.

Even if Lundell's allegations are taken as true, which would be an overly generous assumption in conflict with the summary judgment framework of Rule 56, Lundell still could not prevail on this claim. Lundell defaulted on the lease. Jorde therefore did not breach the lease when he declared Lundell to be in default. Lundell has not shown any legally cognizable injury from the alleged interference because there is no evidence that he otherwise would have been able to pay the rent and to be entitled to remain in possession of the farm. *See Wolf v. Perry*, 339 P.2d 679 (N.M. 1959) ("There must be some . . . overt act which influences the promisor to breach his contract.").

Mr. Lundell has not even alleged that Mr. Jorde breached the contract, nor has Lundell directed us to any evidence tending to show that, absent the alleged interference, he would have been able to perform and thus retain the leasehold interest. The district court did not err in granting summary judgment in favor of Nielsen on this claim.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**